UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIZOMA ONYEMS,<br><br>        Plaintiff,<br><br>    v.<br><br>HOA MEADOWBROOK OWNERS, et al.,<br><br>        Defendants. | Case No. 2:25-cv-03256-TLN-CSK<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br><br>(ECF Nos. 1, 9, 10, 12, 15, 16, 18, 21, 22, 25, 45) |

Plaintiff Chizoma Onyems is proceeding in this action pro se.[1] (ECF No. 1.) Pending before the Court are Defendants Meadowbrook Homeowners Association[2] and The Management Trust's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) and Defendants Select Portfolio Servicing, Inc. and JP Morgan Chase's Rule 12(b)(6) motion to dismiss. (ECF Nos. 10, 12.) Plaintiff has also filed the following eight (8) miscellaneous motions: (1) motion for hearing and request for injunctive relief (ECF No. 1); (2) motion for release of title and related relief (ECF No. 9); (3) motion to make deposit into County of Placer Registry (ECF No. 15); (4) motion to oppose the

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

[2]  Defendant Meadowbrook Homeowners Association states it was erroneously named as "HOA Meadowbrook Owners." ECF No. 10-1 at 1.

1

appearance of Buchalter (ECF No. 16); (5) motion for temporary restraining order and preliminary injunction (ECF No. 18); (6) motion to disqualify counsel for Defendants Select Portfolio Servicing, Inc. and JP Morgan Chase (ECF No. 21); (7) motion to modify protective order (ECF No. 25); and (8) motion for default judgment (ECF No. 45). Briefing is closed for all motions. Pursuant to Local Rule 230(g), the Court submits the motions to dismiss (ECF No. 10, 12) upon the record and briefs without argument and VACATES the March 3, 2026 hearing. The Court also submits Plaintiff's motions (ECF Nos. 1, 9, 15, 16, 18, 21, 25, 45) upon the record and the briefs pursuant to Local Rule 230(g).

For the reasons that follow, the Court recommends the following: (1) GRANTING Defendants Meadowbrook Homeowners Association and The Management Trust's motion to dismiss without leave to amend (ECF No. 10); (2) GRANTING Defendants Select Portfolio Servicing, Inc. and JP Morgan Chase's motion to dismiss without leave to amend (ECF No. 12); and (3) DENYING Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 18).

Furthermore, the Court ORDERS the following: (1) motion for hearing and request for injunctive relief (ECF No. 1) is DENIED; (2) motion for release of title and related relief (ECF No. 9) is DENIED; (3) motion to make deposit into County of Placer Registry (ECF No. 15) is DENIED; (4) motion to oppose the appearance of Buchalter (ECF No. 16) is DENIED; (5) motion to disqualify counsel for Defendants Select Portfolio Servicing, Inc. and JP Morgan Chase (ECF No. 21) is DENIED; (6) motion to modify protective order (ECF No. 25) is DENIED; and (7) motion for default judgment (ECF No. 45) is DENIED.

/ / /

/ / /

/ / /

/ / /

/ / /

2

## I.    BACKGROUND

### A.    Factual Allegations[3]

The First Amended Complaint ("FAC") generally alleges Plaintiff engaged in protected speech by reporting suspected mortgage fraud and government misconduct. FAC at 3 ¶ 1. Plaintiff alleges that in retaliation, Defendants took adverse actions against Plaintiff by initiating or fabricating mortgage fraud investigations; taking retaliatory employment actions; conducting unauthorized search and seizures; engaging in harassment by staging delivery trucks in front of Plaintiff's home during his wife's visits; and engaging in bad faith administrative conduct. *Id*. at 3 ¶ 2. Plaintiff alleges these actions were motivated by Plaintiff's speech and were done under color of law and that it deprived Plaintiff of due process. *Id*. at 3 ¶¶ 3-4. Plaintiff further alleges Defendants' conduct demonstrates bad faith and retaliatory intent. *Id*. at 3 ¶ 5.

### B.    Procedural Posture

Plaintiff initiated this action on November 10, 2025. (ECF No. 1.) On November 12, 2025, Plaintiff filed his FAC as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). *See* FAC. On December 8, 2025, Defendants Meadowbrook Homeowners Association and The Management Trust (collectively "Meadowbrook HOA") filed the pending motion to dismiss. (ECF No. 10). On December 17, 2025, Meadowbrook HOA Defendants re-noticed the motion for a hearing before the undersigned for March 3, 2026. (ECF No. 23.) Plaintiff filed his opposition on December 22, 2025, and Meadowbrook HOA Defendants filed a reply on January 23, 2026. (ECF Nos. 31, 48.)

On December 8, 2025, Defendants Select Portfolio Servicing, Inc. and JP Morgan Chase (collectively "Chase Defendants") filed the pending motion to dismiss, setting it for

---

[3]   These facts primarily derive from the First Amended Complaint ("FAC") (ECF No. 5), which are construed in the light most favorable to Plaintiff as the non-moving party. *Faulkner v. ADT Sec. Servs*., 706 F.3d 1017, 1019 (9th Cir. 2013). However, the Court does not assume the truth of any conclusory factual allegations or legal conclusions. *Paulsen v. CNF Inc*., 559 F.3d 1061, 1071 (9th Cir. 2009).

a March 3, 2026 hearing before the undersigned. (ECF No. 12). On December 15, 2025, Plaintiff filed a "motion to dismiss request for judicial notice and to strike and dismiss entire Defendant action for lack of standing and failure to name the real party in interest." (ECF No. 22.) Plaintiff opposes Chase Defendants' request for judicial notice and argues Defendant JP Morgan Chase's allegations of "the continued existence of encumbrances against the subject property" are false. *Id.* The Court construes this filing as Plaintiff's opposition to Chase Defendants' motion to dismiss.

Since the commencement of this action, Plaintiff has also filed numerous filings in this action labeled as "exhibits" (ECF Nos. 14, 19, 30, 32, 35, 43); "evidence of proof" (ECF No. 16); and notices regarding "meet and confers" (ECF Nos. 33, 40). In addition, Plaintiff has filed numerous motions requesting various forms of relief: (1) a motion for hearing and request for injunctive relief filed on November 10, 2025 requesting the Court schedule a hearing (ECF No. 1); (2) a "motion for release of title and related relief " filed on December 1, 2025 requesting "the immediate release of title" (ECF No. 9); (3) a motion "to make deposit into County of Placer Registry" for a real property filed on December 8, 2025 (ECF No. 15); (4) motion to oppose the appearance of Buchalter filed on December 9, 2025 arguing Chase Defendants' counsel is not "eligible" (ECF No. 16); (5) a motion to disqualify Chase Defendants' counsel filed on December 12, 2025 requesting disqualification of counsel based on a violation of ethical duties, submitting false representations, and for creating a conflict of interest (ECF No. 21); (6) a motion to modify a protective order filed on December 19, 2025 (ECF No. 25); and (7) a motion for default judgment against "Defendant" filed on January 16, 2026 (ECF No. 45).

On December 12, 2025, Plaintiff also filed a motion for temporary restraining order ("TRO") and preliminary injunction ("PI") seeking to enjoin Defendants from "continuing harassment, retaliation, intimidation, and endangerment of Plaintiff" and his minor child. Pl. TRO at 1 (ECF No. 18). Plaintiff seeks emergency relief based on an August 11, 2025 incident where Plaintiff and his minor child observed a white pickup truck belonging to Defendants parked inside school grounds in an attempt to threaten,

intimidate, or cause harm to Plaintiff and his minor child. *See generally* TRO. On December 23, 2025, Meadowbrook HOA Defendants filed an opposition to the TRO arguing it should be denied based on the motion being vague as to which Defendant it is alleged against and what imminent harm is being alleged based on a single occurrence that occurred prior to the commencement of this action. (ECF No. 27 at 2-3.)

To date, Defendants United Trustee Service and First America Title have not appeared in this action. *See* Docket. On January 28, 2026, the Court issued an order providing Plaintiff notice that it may sua sponte dismiss Plaintiff's claims against Defendants United Trustee Service and First America Title without leave to amend for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). 1/28/2026 Order (ECF No. 51). Plaintiff filed his opposition to the Court's January 28, 2026 Order and an unsigned "amended opposition to Defendants' motion to dismiss" on February 3, 2026. (ECF Nos. 53, 54.) The Court declines to consider Plaintiff's "amended opposition to Defendants' motion to dismiss" (ECF No. 54) as it is unsigned, untimely, briefing has closed on these motions, and was filed without leave of court.

## II.    LEGAL STANDARDS

### A.    Pro Se Pleadings, Construction and Amendment

Pro se pleadings are to be liberally construed and afforded the benefit of any doubt. *Chambers v. Herrera*, 78 F.4th 1100, 1104 (9th Cir. 2023). Upon dismissal of any claims, the court must tell a pro se plaintiff of a pleading's deficiencies and provide an opportunity to cure such defects. *Garity v. APWU Nat'l Lab. Org.*, 828 F.3d 848, 854 (9th Cir. 2016). However, if amendment would be futile, no leave to amend need be given. *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023).

To determine the propriety of a dismissal motion, the court may not consider facts raised outside the complaint (such as in an opposition brief), but it may consider such facts when deciding whether to grant leave to amend. *Broam v. Bogan*, 320 F.3d 1023, 1026 n.2 (9th Cir. 2003).

/ / /

**B.      Failure to Comply with Rule 8**

Notice pleading in federal court requires that the complaint "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). Pursuant to Federal Rule of Civil Procedure 8(a), a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." The complaint must clearly and fully set forth "who is being sued, for what relief, and on what theory, with enough detail to guide discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). Each allegation must be simple, concise, and direct. *Id*. Rule 8(d)'s requirement that each averment of a pleading be "'simple, concise, and direct,' applies to good claims as well as bad, and is a basis for dismissal independent of Rule 12(b)(6)." *Id*. at 1179. "The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *Id*.

**C.      Failure to State a Claim under Rule 12(b)(6)**

A claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint fails to state a claim if it either lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *Mollett v. Netflix, Inc.,* 795 F.3d 1062, 1065 (9th Cir. 2015). When considering whether a claim has been stated, the court must accept the well-pleaded factual allegations as true and construe the complaint in the light most favorable to the non-moving party. *Id.* However, the court is not required to accept as true conclusory factual allegations contradicted by documents referenced in the complaint, or legal conclusions merely because they are cast in the form of factual allegations. *Paulsen*, 559 F.3d at 171.

/ / /

/ / /

## III.   DISCUSSION

Plaintiff brings this Section 1983 action against the following six (6) defendants: (1) Meadowbrook Homeowners Association; (2) The Management Trust; (3) United Trustee Service; (4) Select Portfolio Servicing, Inc.; (5) JP Morgan Chase N.A.; and (6) First America Title. FAC at 1. Plaintiff appears to raise five causes of action against all Defendants for a First Amendment freedom of speech violation pursuant to 42 U.S.C. § 1983 (First Cause of Action); a Fourteenth Amendment due process violation pursuant to 42 U.S.C. § 1983 (Second Cause of Action); a Fourth Amendment unlawful search and seizure violation pursuant to 42 U.S.C. § 1983 (Third Cause of Action); "bad faith and retaliation" pursuant to 42 U.S.C. § 1983 (Fourth Cause of Action); and "mortgage fraud claims" (Fifth Cause of Action). FAC at 4-5. For relief, Plaintiff requests monetary damages, injunctive relief, and other forms of relief. *See* FAC at 4-6.

### A.   Motions to Dismiss

Meadowbrook HOA Defendants move to dismiss the entire FAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Meadowbrook HOA Defs. Mot. (ECF No. 10-1). Chase Defendants also move to dismiss the entire FAC pursuant to Rule 12(b)(6) for failure to state a claim and for failure to comply with Rule 8. Chase Defs. Mot. (ECF No. 12). Chase Defendants also request the Court take judicial notice of certain documents. Chase Defs. RJN (ECF No. 12-2). Because the Court finds Plaintiff's FAC fails to state a claim, the Court will not address Chase Defendants' alternative ground for dismissal. Prior to addressing Defendants' motions to dismiss, the Court first addresses Chase Defendants' request for judicial notice.

#### 1.   Request for Judicial Notice

Chase Defendants request the Court take judicial notice of the following six exhibits: (1) Deed of Trust recorded in the Placer County Recorder's Office on March 28, 2005 as Instrument No. 2005-0037462; (2) Assignment of Deed of Trust recorded in the Placer County Recorder's Office on March 20, 2009 as Instrument No. 2009-0022316-00; (3) Loan Modification Agreement recorded in the Placer County Recorder's Office on

June 11, 2009 as Instrument No. 2009-0050303-00; (4) First Amended Complaint filed in Placer County Superior Court, *Chizoma vs. Select Portfolio Services, Inc., et al.*, Case No. SCV0045837; (5) Judgment filed in Placer County Superior Court, *Chizoma vs. Select Portfolio Services, Inc., et al.*, Case No. SCV0045837*;* and (6) Remittitur issued in *Onyems v. Navy*, Case No. 24-2289. Chase Defs. RJN at 2. The Court declines to grant Chase Defendants' request because these documents are not relevant to the resolution of the issues before the Court. *See Gerritsen v. Warner Bros. Ent. Inc.*, 112 F. Supp. 3d 1011, 1030 (C.D. Cal. 2015) (denying judicial notice of information in press releases and publicly available news articles because it was irrelevant for purposes of the motion to dismiss).

2.    Failure to State a Claim

Meadowbrook HOA Defendants and Chase Defendants move to dismiss the FAC for failure to state a claim. Meadowbrook HOA Defs. Mot.; Chase Defs. Mot. The Court finds the FAC fails to allege sufficient facts to state a claim against Meadowbrook HOA Defendants and Chase Defendants because the FAC does not allege specific facts as to what acts these Defendants personally participated in that resulted in the deprivation of Plaintiff's rights under 42 U.S.C. § 1983. In addition, the FAC fails to allege a specific claim for "mortgage fraud" and the factual basis for such a claim against these Defendants. *See* FAC at 5.

a.    *42 U.S.C. § 1983 (Causes of Actions 1-4)*

To state a claim under Section 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See Lindke v. Freed*, 601 U.S. 187, 194 (2024); *West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989);

8

*Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980).

Generally, private parties do not act under color of state law. *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999). A private entity's action may be "under color of state law" where there is "significant" state involvement in the action. *Franklin v. Fox*, 312 F.3d 423, 444 (9th Cir. 2002) (citation omitted). To determine whether actions committed by private actors that allegedly caused the deprivation of a right are fairly attributable to the state, the court must determine whether the depriving party is "a person who may fairly be said to be a state actor." *Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 922 (9th Cir. 2011) (citation omitted). The Ninth Circuit recognizes four tests to determine whether a private party is a state actor to satisfy Section 1983's acting under color of state law requirement: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." *Rawson v. Recovery Innovations, Inc.*, 975 F.3d 742, 747 (9th Cir. 2020).

In Plaintiff's opposition, Plaintiff asserts only the joint action test. *See* Pls. Opp'n. Meadowbrook HOA Defs. at 3-4. Accordingly, the Court's analysis is limited to the joint action test where Plaintiff did not assert the other state actor theories. Under the joint action test, courts consider whether state officials and private parties have acted in concert, leading to a deprivation of plaintiff's constitutional rights. *Franklin v. Fox*, 312 F.3d 423, 445 (9th Cir. 2002).

Here, the FAC makes conclusory allegations that Defendants generally, "acted under color of state law." FAC at 2; *see also id.* at 3-4. This is insufficient to establish the demanding joint action test. *See O'Handley*, 62 F.4th at 1160; *Rawson*, 975 F.3d at 747-48. Plaintiff has not pled sufficient allegations showing that Meadowbrook HOA Defendants or Chase Defendants acted under color of state law, or the involvement of

any government actor, in the alleged constitutional violations. The Court concludes that Meadowbrook HOA Defendants and Chase Defendants are not state actors and recommends dismissing the Section 1983 claims against each of them without leave to amend.

                    b.      *"Mortgage Fraud Claims" (Cause of Action 5)*

Plaintiff also appears to raise a claim labeled as "mortgage fraud claims (retained)" as a separate cause of action and alleges "mortgage fraud involving non compliance to DFPI and OCC requirements." FAC at 5. Plaintiff does not clearly identify a claim and appears to generally assert this claim against all Defendants. *See id*.; *see also* Chase Defs. Mot. at 23. This claim fails because Plaintiff does not allege any specific claim against any specific defendant and does not identify which defendant is responsible for which alleged violation. In addition, Plaintiff does not provide factual allegations in support of this claim. *See generally* FAC. As a result, Plaintiff has failed to give fair notice of the claims being asserted against which defendants and fails to state a claim. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants."). The Court recommends this claim (Cause of Action 5) be dismissed without leave to amend.

Accordingly, the Court recommends granting Meadowbrook HOA Defendants and Chase Defendants' motions to dismiss without leave to amend.

        **B.      Leave to Amend**

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. *Id*. at 1130-31; *see also Cato v. United States,* 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not

be cured by amendment.") (citation omitted). However, if, after careful consideration, it is clear that a complaint cannot be cured by amendment, the court may dismiss without leave to amend. *Cato*, 70 F.3d at 1105-06.

Here, Plaintiff's filings do not identify allegations that would sufficiently allege that Meadowbrook HOA Defendants and Chase Defendants are state actors as required for Plaintiff's Section 1983 claims, nor does Plaintiff raise a specific claim for "mortgage fraud" against each of these Defendants. In addition, Plaintiff has filed numerous filings making allegations in this action that are confusing and incoherent. *See generally* Docket. The Court concludes that amendment would be futile as to Plaintiff's Section 1983 claims (Causes of Action 1-4) and "mortgage fraud claims" (Cause of Action 5) against Meadowbrook HOA Defendants and Chase Defendants, and therefore, leave to amend should not be provided as to each of these Defendants. *See Lathus*, 56 F.4th at 1243.

**C.    Attorney's Fees**

Meadowbrook HOA Defendants also seek an award of attorney fees based on Plaintiff's Section 1983 claims being frivolous. Meadowbrook Defs. Mot. at 8-9. A court, in its discretion, may award attorney fees under 42 U.S.C. § 1988 to a prevailing defendant "only when the plaintiff's claims are groundless, without foundation, frivolous, or unreasonable." *Karam v. City of Burbank*, 352 F.3d 1188, 1195 (9th Cir. 2003) (internal citations omitted). An action is frivolous when "the result appears obvious or the arguments are wholly without merit." *Galen v. County of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). Although the Court recommends Plaintiff's FAC be dismissed without leave to amend, the Court does not find that Plaintiff's Section 1983 claims rise to the level justifying an award of attorney's fees. Accordingly, the Court recommends denying Meadowbrook HOA Defendants' request for attorney's fees.

/ / /

/ / /

/ / /

11

**D.      Sua Sponte Dismissal of Defendants United Trustee Service and First America Title**

There are no allegations raised against Defendants United Trustee Service and First America Title in the FAC. *See generally* FAC. The FAC generally refers to all Defendants for each cause of action. *Id.* Specifically, as to Plaintiff's Section 1983 claims (Causes of Action 1-4), the FAC does not allege that Defendants United Trustee Service and First America Title are state actors or that any actions taken were under color of state law as required for a claim brought under 42 U.S.C. § 1983. In addition, Plaintiff's "mortgage fraud" claim (Cause of Action 5) does not allege any specific claim against any specific defendant and does not identify which defendant is responsible for which alleged violations. *See generally* FAC.

A court may dismiss a claim sua sponte under Federal Rule of Civil Procedure 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). A sua sponte dismissal for failure to state a claim requires the court to "give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion[.]" *Wong v. Bell*, 642 F.2d 359, 362 (9th Cir. 1981) (internal quotation marks and citation omitted). On January 28, 2026, the Court provided Plaintiff notice of the Court's intention to sua sponte dismiss Defendants United Trustee Service and First America Title from this action for failure to state a claim and provided Plaintiff with the opportunity to submit a written opposition. 1/28/2026 Order. On February 3, 2026, Plaintiff filed his opposition. *See* ECF No. 54. Having considered Plaintiff's opposition, which only addresses service being properly completed on these defendants, the Court finds sua sponte dismissal of Plaintiff's claims against Defendants United Trustee Service and First America Title is appropriate here. *See Omar*, 813 F.2d at 991 ; *Silverton v. Dep't of Treasury of U. S. of Am.*, 644 F.2d 1341, 1345 (9th Cir. 1981).

Because leave to amend would be futile, the Court recommends all claims against Defendants United Trustee Service and First America Title be dismissed sua sponte

without leave to amend. *See Silverton v. Dep't of Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981) (district court "may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants"); *see also Creech v. Tewalt*, 84 F.4th 777, 787 (9th Cir. 2023) ("although sua sponte dismissals are unusual they are permitted under our precedent").

### E.    Motion for Temporary Restraining Order and Preliminary Injunction

Plaintiff also seeks a TRO and PI to "stop Defendants from continuing harassment, retaliation, intimidation and endangerment of Plaintiff and Plaintiff's minor child" based on an August 11, 2025 incident where Defendants entered school property in an attempt to "threaten, intimate or cause harm." Pl. TRO at 1-2.

#### 1.    Legal Standards

Plaintiff moves for a TRO and PI pursuant to Federal Rules of Civil Procedure 65 against all Defendants. The standard for issuing a TRO is the same as the standard for issuing a PI, which requires the plaintiff to "establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Because the first factor "is a threshold inquiry and is the most important factor," a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023) (internal quotation marks and citations omitted).

"A preliminary injunction is an extraordinary remedy never awarded as of right," and may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Winter*, 555 U.S. at 22, 24 (citation omitted). "Under *Winter*, plaintiffs must establish that irreparable harm is *likely*, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

#### 2.    A Likelihood of Success on the Merits

The Court examines the first and most important *Winter* element: likelihood of

13

success on the merits. Plaintiff has not demonstrated that he is likely to succeed on the merits of his claims because, as discussed above, the FAC fails to sufficiently plead any claims against any defendant. *See In re Trotochau v. Bennet*, 2018 WL 6262843, at *3 (C.D. Cal. Feb. 13, 2018) (denying TRO where pro se plaintiff failed to state a claim); *Hanson v. Hanson*, 2014 WL 587867, at *3 (S.D. Cal. Feb. 14, 2014) (denying TRO because even when construing pro se complaint liberally, allegations were insufficient to show likely success on the merits). Because the first *Winter* factor of likelihood of success is a threshold inquiry and the most important factor, a "court need not consider the other factors" if a movant fails to show a likelihood of success on the merits. *Baird*, 81 F.4th at 1040; *see Apartment Ass'n of Los Angeles Cnty., Inc. v. City of Los Angeles*, 10 F.4th 905, 917 (9th Cir. 2021); *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), they are still required to conform to the Federal Rules of Civil Procedure. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995). The Court therefore recommends denying Plaintiff's TRO and PI motions for failing to establish the likelihood of success on the merits.

### F.    Plaintiff's Miscellaneous Motions

Plaintiff has also filed multiple miscellaneous motions. The Court addresses each in turn.

Plaintiff has filed a motion to oppose the appearance of Chase Defendants' counsel, Buchalter (ECF No. 16) and a motion to disqualify Chase Defendants' counsel (ECF No. 21). Plaintiff seeks to disqualify Chase Defendants' counsel for "knowingly submitting false statements to federal authorities regarding ownership" of JP Morgan Chase thereby creating a conflict of interest. (ECF No. 21 at 2-3.) Chase Defendants have filed an opposition to Plaintiff's motion to disqualify. (ECF No. 28.). In determining whether to disqualify counsel, state law applies. *See In re County of Los Angeles*, 223 F.3d 990, 995 (9th Cir. 2000) ("we apply state law in determining matters of disqualification"). The party seeking disqualification bears the burden of establishing by a

preponderance of the evidence the basis for disqualification. *Storz Management Co. v. Carey*, 526 F.Supp.3d 747, 751 (E.D. Cal. 2021). The disqualification of counsel is generally disfavored and should be imposed only when "absolutely necessary." *Id*. at 752 (citation omitted). Here, Plaintiff has not carried his burden and has not established a basis for disqualification of Chase Defendants' counsel. Accordingly, Plaintiff's motions are DENIED.

Plaintiff has also filed a motion for default judgment. (ECF No. 45.) Pursuant to Federal Rule of Civil Procedure 55, entry of default must be obtained prior to entry of default judgment. Fed. R. Civ. P. 55(a). Default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. See Fed. R. Civ. P. 55(a). Here, it is not clear who Plaintiff is seeking default be entered against and only identifies "Defendant." *See generally* ECF No. 45. Moreover, Defendants have not had default entered against them, which is a requirement prior to seeking default judgment. In addition, Chase Defendants and Meadowbrook HOA Defendants have appeared in this action and have filed dispositive motions. *See* Docket. Accordingly, Plaintiff's motion for default judgment (ECF No. 45) is DENIED without prejudice.

Finally, because the Court is recommending the FAC be dismissed without leave to amend, Plaintiff's motion for hearing and request for injunctive relief (ECF No. 1), motion for release of title and related relief (ECF No. 9), motion to make deposit into County of Placer Registry (ECF No. 15), and motion to modify protective order (ECF No. 25) are DENIED as moot.

## IV.   CONCLUSION

IT IS HEREBY ORDERED that:

1.    The March 3, 2026 hearing on Meadowbrook HOA Defendants and Chase Defendants' motions to dismiss is VACATED;

2.    Plaintiff's motion for hearing and request for injunctive relief (ECF No. 1) is DENIED;

3. Plaintiff's motion for release of title and related relief (ECF No. 9) is DENIED;

4. Plaintiff's motion to make deposit into County of Placer Registry (ECF No. 15) is DENIED;

5. Plaintiff's motion to oppose the appearance of Buchalter (ECF No. 16) is DENIED;

6. Plaintiff's motion to disqualify counsel for Chase Defendants (ECF No. 21) is DENIED;

7. Plaintiff's motion to modify protective order (ECF No. 25) is DENIED;

8. Plaintiff's motion for default judgment (ECF No. 45) is DENIED without prejudice; and

Further, based upon the findings above, it is HEREBY RECOMMENDED that:

1. Meadowbrook HOA Defendants' motion to dismiss (ECF No. 10) be GRANTED without leave to amend and Meadowbrook HOA Defendants' request for attorney's fees be DENIED;

2. Chase Defendants' motion to dismiss (ECF No. 12) be GRANTED without leave to amend;

3. On the Court's own motion, Plaintiff's claims against Defendants United Trustee Service and First America Title be DISMISSED without leave to amend;

4. Plaintiff's motion for temporary restraining order and preliminary injunction (ECF No. 18) be DENIED; and

5. The Clerk of Court close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any

reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  February 6, 2026

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

4, onye3256.25